Reese, J.
delivered the opinion of the court.
This is an indictment under the act of 1827, ch. 125, sec. 2 and 3, for failing to settle as administrator with the County Court Clerk, after having been summoned to appear and make such settlement.
In the case agreed, it is admitted by the parties, that the defendant administered on the estate of Wyatt Parrish, deceased, in 1823; that he filed an inventory of the estate in 1823, and an account of sales in 1824. It is also agreed, that commissioners were appointed, and a settlement was made with them in 1826, and that in 1828 other commissioners were appointed, and a settlement in full was made with them, which' was received by the County Court, and recorded at March term, 1829, .when there'appeared to be in defendant’s hands, as administrator, the sum of $95 75, which sum has been distributed, but the evidence of the .distribution does- not appear of record. The County Court Clerk summoned the defendant to appear before him and settle his administration'accounts in 1842, which the defendant neglected to do more than thirty days after service of the subpoena. The Circuit Court, upon these facts, *286 gave judgment for the defendant, and the Attorney General appealed to this court.
By the act of 1827, ch. 125, sec. 2, (pamphlet acts, 191,) it is provided, that it shall be the duty of the County Court Clerks, “by subpoena, to compel executors, administrators and guardians, to come before them once in every year, for the purpose of settling their accounts: Provided, That executors and administrators shall not be compelled to make settlements until after two years shall have elapsed from their qualification as such.” The third section provides, .“that if any executor, administrator, or guardian shall neglect to appear before the Clerk of his county, for the space of thirty days after the service of a subpoena to settle his accounts,” he shall be subject to indictment. And that the Attorney General shall prefer such indictment ex officio, without a prosecution.
This statute is most salutary in its provisions, and will be of great benefit to the community, if properly executed.
Few persons who take upon themselves duties of executor, administrator, or guardian, have at the time they enter upon the office, a corrupt purpose to embezzle the estate which is committed to them. But they neglect to settle their accounts promptly, and the laws heretofore have been so inefficient for compelling such settlements, that persons thus situated were tempted to retain the estate in their hands for their private benefit; until mixing it with their own, and accustomed to its use, the evidence of their liability having faded by lapse of time, they do not resist the temptation to defraud those for whose benefit the estate was committed to them.
To remedy this evil the act of 1837, now under consideration was passed.. It wasipelieved that a settlement promptly made, would be likely to bring to view the true state of the accounts, and situation of the estate; and when a final adjustment of the accounts could not be had at the end of two years, (as is most generally the case,) that a frequent repitition of such settlements would effectually remove all temptation to the commission of frauds, or embezzlement of the property.
To effect the desirable ends of preserving alike the property of infants and deceased person’s estates, on the one hand, and *287 the morals and integrity of executors, administrators, and guardians on the other, we think this law is admirably adapted. But we do not think it was intended, to apply to any case, where a final settlement had been made, according to the law as it existed at the time of such settlement, or to be continued annually, after a final settlement of all the estate in the hands of the party, shall be made under this act.
We, therefore, think there is no error in this record, and affirm the judgment.